IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANCY HAMILTON | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No.:1:19-cv-01981-CCB |
| DANIEL HERSL, et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF NANCY HAMILTON'S RESPONSE IN OPPOSITION TO DEFENDANT
BALTIMORE POLICE DEPARTMENT'S MOTION TO DIMISS PLAINTIFF'S
COMPLAINT (ECF No.15)**

## TABLE OF CONTENTS

INTRODUCTION ……………....…………………………………………...…......1

FACTUAL BACKGROUND……………………………………………...…...…..2

STANDARD OF REVIEW………………………………………………….....…..3

ARGUMENT……………………....……………………………………………....4

    I.    Defendant BPD's Argument that the BPD is not a "person" within the meaning of 42 U.S.C. §1983 is invalid in light of the caselaw they cite as well as numerous other positions taken by this court and the 4th Circuit…………..…4

    II.    Counts XXX and XXXI……………………………………………..…….4

    III.    The §1983 Claims against BPD are appropriate……………………..…….5

    IV.    The Complaint States a Claim for §1983 Supervisory Liability……………..7

    V.    Punitive damages against BPD under §1983 are sufficiently pled……………7

CONCLUSION…………………….........……………………………………..…..8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANCY HAMILTON | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No.:1:19-cv-01981-CCB |
| DANIEL HERSL, et al. | * | |
| Defendants | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**PLAINTIFF NANCY HAMILTON'S RESPONSE IN OPPOSITION TO DEFENDANT
BALTIMORE POLICE DEPARTMENT'S MOTION TO DIMISS PLAINTIFF'S
COMPLAINT (ECF No.15)**

**INTRODUCTION**

On July 8, 2016, Plaintiff was essentially kidnapped and held hostage by members of

the Gun Trace Task Force ( GTTF).  When she was eventually allowed to leave, she had been

traumatized, but then further traumatized with threats of retaliation after seeking the assistance of

the civil courts.  Plaintiff filed an action in Baltimore City Circuit Court, which was stayed.

Pending the stay, and while there might be some question regarding the statute of limitations if

the stay continued, Plaintiff filed an action in the Federal Court which included a claim against

the Baltimore City Police Department (BPD), in addition to the individually named members of

the GTTF.   BPD filed a motion to dismiss the Plaintiff's complaint, alleging eleventh

amendment immunity and a failure of the Plaintiff to allege sufficient facts to sustain her

complaint.  BPD's contentions fail based on their refusal to acknowledge current law with

respect to their alleged immunity and the sufficiency of facts laid out by the Plaintiff in her

complaint.  Plaintiff, has, however, submitted, with respect to her claims for civil conspiracy

against Defendant BPD.  As such, Plaintiff respectfully requests that the Court deny the relief

sought by BPD with the exception of the counts related to civil conspiracy.

## FACTUAL BACKGROUND

On July 8, 2016, Plaintiff was traveling to conduct errands with her husband. Plaintiff and her husband were stopped by Defendant officers Rayam, Gondo, and Hersl. See Complaint, ECF No.1, ¶¶66-67. Plaintiff and her husband were initially stopped on or near Reisterstown Road in Baltimore County where they were taken out of their vehicle, handcuffed, and placed in separate vehicles. *Id.* ¶69. Plaintiff and her husband were driven in separate vehicles into Baltimore City where they eventually stopped at what she came to learn to be the Baltimore police safety training facility on Northern Parkway. At the training facility, the Plaintiff would be kept outside and handcuffed for almost an hour while her husband was taken somewhere else. *Id.* ¶¶71-72. Plaintiff, after several requests, was taken inside of the dimly lit training facility to use the bathroom and then handcuffed and returned to the vehicle. *Id.* ¶¶ 73-76. Defendant officers eventually drove Plaintiff and her husband to Plaintiff's Carroll County home where, on the way, they required Plaintiff to call her children and have them exit the home. *Id.* ¶¶ 77-79. At the Plaintiff's home the Defendant officers searched the home and, upon information and belief, stole money. *Id.* ¶¶ 82-84. Defendant officers eventually contacted Carroll County Law enforcement to assist them in a search of the home, eventually releasing a portion of the cash, that they had not stolen, to Carroll county Law Enforcement. Plaintiff's husband eventually filed a legal proceeding to recover the cash turned over to Carroll County. *Id.* ¶¶ 83-88. When Plaintiff appeared in Court with her husband to recover the cash in the possession of Carroll County, one of the Defendant officers appeared and threatened the Plaintiff with further action. *Id.* ¶¶ 89-93. On March 1, 2017, the Defendant officers sued herein were all indicted on criminal enterprise charges in The United States District Court. *Id.* ¶96. Plaintiff filed suit in Baltimore City Circuit Court on March 15, 2017 and the proceedings were stayed pending the criminal matters involving the Defendant

2

Officers.  As the statute of limitations appeared to be running, and to avoid any limitations issues concerning the BPD, Plaintiff filed this suit on July 7, 2019 in the U.S. District Court for Northern Maryland.

**STANDARD OF REVIEW**

The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)). To survive a 12(b)(6)  to dismiss under FRCP 12(b)(6), the Plaintiff's complaint need only present sufficient facts to "be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly, 550 U.S.* at 545, 127 S. Ct. 1955, 1965 (2007), and render its claims "plausible on [their] face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the motion, the reviewing court must take the allegations as true, no matter how skeptical the court may be. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). The Court must not only take the factual allegations in the complaint as true, but must view them "in the light most favorable to plaintiff." *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1062 (4th Cir. 1984), though the Court is not bound by the legal conclusions drawn in the complaint. *United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979). The Court must also consider "documents incorporated in the complaint by references, and matters of which a court may take judicial notice." *Tellabs, Inc. v.Makor Issues & Rights, LTD*, 551 U.S. 308, 332 (2007).

**ARGUMENT**

I.     Defendant BPD's Argument that the BPD is not a "person" within the meaning of 42 U.S.C. §1983 is invalid in light of the caselaw they cite as well as numerous other positions taken by this court and the 4th Circuit

This Court has steadily found that The Baltimore City Police Department ( "BPD") is not a state agency for Eleventh Amendment purposes ( *Chin v. City of Baltimore*, 241 F. Supp.2d 546, 548 (D.Md.2003) holding that "The Baltimore Police Department is not entitled to Eleventh Amendment immunity.  As a result, the Baltimore City Police Department is a 'person' subject to suit under §1983. Furthermore under *Hector v. Weglein*, 558 F. Supp. 194 (D. Md. 1982), this court has held that  BPD is "sufficiently city-connected so as not to be entitled to the claimed Eleventh Amendment protection")( See also *Wilcher v. Curley*, 519 F. Supp. 1 (D. Md. 1980).

In addition to BPD's citing of this Court's decisions denying BPD Eleventh Amendment Immunity (See Burley v. Bal. Police Dept., 1:18-cv-01743-ELH, ECF Nos 51, 52 (D.Md. Sept 12, 2019 and Parks v. Balt. Police Dept., 1:18-cv-03092-TDC, ECF No. 86 (D. Md. Sept 9, 2019), this Court has continued the same position in Lucero v. Early, et al.1:13-cv-01036-GLR, ECF No.86 (D. Md. Sept 25, 2019), holding that " BPD is a 'person' under § 1983" and that "BPD is not an arm of the State and, consequently, is not entitled to Eleventh Amendment immunity".  Under the analysis and opinions of this Court, and the admissions by the Defendants themselves with respect to this Court's holdings. There can be no question that BPD does not enjoy immunity under the Eleventh Amendment.

II.     Counts XXX and XXXI

Plaintiff will submit as to Counts XXX and XXXI as it relates to claims for conspiracy.

III.     The §1983 Claims against BPD are appropriate

To state a claim under § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under the color of state law.*West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court in *Board of Comm'rs of Bryan County Oklahoma v. Brown*, 520 U.S.397 (1997), citing *Canton v. Harris*, 489 U. S. 378, 392 (1989) held that with respect to the 1983 claim "' It could . . . be that the police, in exercising their discretion, so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to the need'" Id. Furthermore, "a policy or custom may possibly be inferred from continued inaction in the face of a known history of widespread constitutional deprivations on the part of city employees, or, under quite narrow circumstances, from the manifest propensity of a general, known course of employee conduct to cause constitutional deprivations to an identifiable group of persons having a special relationship to the state." *Milligan v. City of Newport News,* 743 F.2d 227, 229 (4th Cir. 1984)

As this court has stated in in Lucero v. Early, et al.1:13-cv-01036-GLR, ECF No.86 (D. Md. Sept 25, 2019) "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only support his condonation claim with facts which, if true, 'state a claim to relief that is plausible on its face.' citing *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379 (4th Cir. 2014). Defendant BPD appears to fail to realize that the Plaintiff, at this stage is not required to prove the Monell claim.  Despite the difficulty in what the Courts have deemed as difficult to accomplish, trial proof is not the standard of proof to which the Court must judge this motion. Plaintiff has supplied facts, which, if true, would state a claim to relief that is plausible on its face. *Id.*

In the *Owens* matter the Plaintiff pled facts alleging that " Reported and unreported cases from the period of time before and during the events complained of in this case demonstrate that officers and detectives employed by the Baltimore City Police Department knowingly, consciously, and repeatedly withheld and suppressed exculpatory and impeachment evidence in criminal cases.  In addition, under information and belief, it is anticipated that a number of motions were filed and granted during this time period that demonstrate that Baltimore City and the Baltimore City Police Department maintained a custom, policy, or practice to allow this type of behavior either directly or by facilitating it, approving it, condoning it, and/or knowingly turning a blind eye to it in reckless disregard for the constitutional rights of those injured by it" 1:11-cv-03295- GLR, ECF No.2 (D. Md. November 17, 2011)

The pleading of "Reported and unreported cases" showing a "custom, policy, or practice" in the complaint was sufficient to survive a 12(b)(6) motion.  The Plaintiff in Owens did not allege specific facts relative to the cases that established the custom, policy, or practice.  In fact, when the Plaintiff attempted to do so in response to the Defendant's Motion to Dismiss/Summary Judgment, the submissions were stricken by the court, thereby only leaving the allegations in the complaint from which the Appellate Court determined that the pleadings were sufficient to establish the *Monell* claim. The court opined that these allegations set out in the complaint, although "brief", were "non-conclusory", sufficient to establish a *Monell* claim.

In the present matter, the Plaintiff has not only cited that there was a custom, policy, or practice, that caused her injury, she further set out very specific instances of the policy and pattern, in addition to factual cases tending to show the condonation on the part of BPD.  Those cases are listed in the Plaintiff's complaint as The June 28 Robbery (See Complaint, ECF

No.1¶¶23-32), Gary Clayton Case (*Id.* ¶¶ 33-40), Kendall English case (*Id.* ¶¶ 41-52), United States Department of Justice Investigation into Baltimore City Police Department  (*Id.* ¶¶ 53-59), and Federal Criminal Proceedings Against the Gun Trace Task Force (*Id.* ¶¶ 60-65). The allegations in the Plaintiff's complaint from ¶¶23-65, *Id.*, establish sufficient facts to allege a custom, policy, or practice along with sufficient facts to allege a condonation theory under *Monell*.  Although the Defendant seems to argue that the DOJ report could not have placed them on notice of the policy practice, and customs of the Baltimore City Police Department, it is the report describing the existence of the custom, policy, or practice that establishes sufficient facts, not, as Defendant BPD would allege, that someone is required to inform them that they had such a custom, policy, or practice.

IV.     The Complaint States a Claim for §1983 Supervisory Liability

Plaintiff contends that for the very reasons the *Monell* claims survive a Motion at this stage, so does any action with respect to supervisory liability.  Plaintiff further reiterates the arguments and facts put forth in her argument in support of the *Monell* claims.

V.      Punitive damages against BPD under §1983 are sufficiently pled

Defendant's motion as to punitive damages appears to be based on the same arguments put forth in the arguments in favor of dismissing the *Monell* claim.  Defendant BPD argues that plaintiff's claims are insufficient to make out a claim of deliberate indifference.  Yet, the standard at this juncture is not for Plaintiff to prove the deliberate indifference, but for Plaintiff to "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) citing *Bell Atl. Corp. V. Twombly*, 550 U.S. 554, 556 (2007). "

In the present case, the Plaintiff has put forth factual allegations through a number of cases as well as through the DOJ findings about BPD's custom, policy, and practice of violating the rights of citizens, specifically as it relates to these Defendants and the its officers in general.  The allegations by the Plaintiff establish sufficient facts to support the denial of the Defendant's Motion alleging that the Plaintiff has failed to put forth facts that satisfy the standard of "reckless or callous indifference to the federally protected rights of others". *Smith v. Wade*, 461 U.S.30, 56 (1983).  To the extent that BPD recklessly or through callous indifference, permitted the Defendant officers to continue their misconduct ultimately leading to and causing the injuries of the Plaintiff, the complaint, at minimum, sets this out.

## <u>CONCLUSION</u>

For all of the foregoing reasons, with the exception of the civil conspiracy claims against Defendant BPD, the Court should deny Defendant BPD's Motion, or in the alternative, permit the Plaintiff leave to amend.

Respectfully Submitted,

_____/S/_____
James L. Rhodes, Esquire Bar #25795
Tamiya Baskerville, Esquire #28794
6600 Belair Road
Suite 2A
Baltimore, MD 21206
(410) 254-2404

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Response in Opposition to Defendant Baltimore Police Department's Motion to Dismiss Plaintiff's Complaint was filed on this 24th day of October, 2019, with the United States District Court of Maryland and served electronically through the Court's electronic filing system.

_____/S/_____
James L. Rhodes, Esquire Bar #25795