IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **NANCY HAMILTON,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: CCB 19-1981 |
| **DANIEL HERSL,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF DEFENDANT BALTIMORE POLICE DEPARTMENT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Baltimore Police Department ("BPD"), hereby files this Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint, and states as follows:

**I.     BPD is entitled to Eleventh Amendment immunity.**

BPD has Eleventh Amendment immunity against all federal claims for the reasons outlined in its Motion to Dismiss. ECF No. 34-1 at 7-9.  Although Plaintiff argues BPD's position is invalid in light of Fourth Circuit case law, Plaintiff fails to cite any Fourth Circuit authority that outright rejects BPD's position.  The reason for this is clear: the Fourth Circuit has not yet directly addressed the issue of whether Eleventh Amendment immunity applies to state agencies such as the BPD. *See Burley v. Balt. Police Dept.*, 1:18-cv-01743-ELH, ECF No. 51, p.54 (D. Md. Sept. 12, 2019) ("To my knowledge, the Fourth Circuit has not directly addressed this issue.").

Plaintiff relies heavily on *Chin*, *Hector* and *Wilcher*;[1] however, as BPD noted in its original memorandum, when engaging in an arm-of-the-State analysis for purposes of sovereign immunity,

---

[1] *Chin v. City of Baltimore*, 241 F. Supp. 2d 546 (D. Md. 2003); *Hector v. Weglein*, 558 F. Supp. 194 (D. Md. 1982); *Wilcher v. Curley,* 519 F. Supp. 1 (D. Md. 1980).

1

the Fourth Circuit has noted that the factor of whether the State is responsible for paying any judgment rendered is no longer dispositive, as was thought to be the case at the time that those cases were decided. *See Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 396 n.5 (4th Cir. 2014). Now, courts also must "consider the degree of autonomy exercised by an entity, whether an entity is involved with state concerns, and how an entity is treated under state law—without giving preeminence to any single factor." *Id.* (citing *Oberg v. Ky. Higher Educ. Student Loan Corp.*, 681 F.3d 575, 580 (2012)).

## II. Plaintiff's § 1983 *Monell* and Supervisory Liability claims fail.

Plaintiff fails to properly plead a *Monell* claim against BPD. Notably, Plaintiff does not oppose BPD's arguments that the Amended Complaint fails to state a claim for failure to train and/or negligent retention or discipline. Accordingly, this Court should dismiss such claims as alleged in Counts XXXIII and XXXIV, for the reasons put forth in BPD's motion and accompanying memorandum of law in support (ECF Nos. 34; 34-1).

Count XXXII is the only *Monell* claim alleged against BPD that Plaintiff actually argues against dismissal and argues a sufficient condonation theory of liability is plead. Plaintiff alleges BPD "engaged in a pattern, practice, policy, or custom of allowing BPD officers to conduct unlawful arrests, unlawful searches, unlawful seizures and has permitted officers to conduct further improper use of police powers." ECF No. 29 ¶ 308. Plaintiff points to "The June 28 Robbery, Gary Clayton Case, Kendall English case, United States Department of Justice Investigation into Baltimore City Police Department, and Federal Criminal Proceedings Against the Gun Trace Task Force." ECF No. 25 at - (internal citations omitted). As explained in greater detail, "The June 28 Robbery, Gary Clayton Case, [and] Kendall English case" fail to even allege a constitutional violation. At best, "The June 28 Robbery" and "Gary Clayton Case" may support an inference

2

that Rayam is dishonest. The "Kendall English case" does not even remotely allege a constitutional violation. *See* ECF No. 34-1 at 21-23.

Even assuming *arguendo* that Plaintiff has properly pled false arrest and false imprisonment, Plaintiff must also plead <u>a connection</u> between the alleged pattern and practice and the alleged violation of constitutional rights in her specific case (illegal arrest and false imprisonment; ECF No. 29, Counts I-II, VIII-IX, XV-XVI, XXII-XXIII). In *Carter v. Morris*, the Fourth Circuit emphasized the requirement of a "close fit" between the unconstitutional policy and the alleged violation:

> Thus, a plaintiff cannot rely upon scattershot accusations of unrelated constitutional violations . . . . Instead, a plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that violation of a particular constitutional or statutory right will follow the decision. [T]hus municipal liability will attach only for those policies or customs having a *specific* deficiency or deficiencies . . . such as to make the *specific* violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run.
> 
> \* \* \*
> 
> Section 1983 does not grant courts a roving commission to root out and correct whatever municipal transgressions they might discover-our role is to decide concrete cases. Unfocused evidence of unrelated constitutional violations is simply not relevant to the question of whether a municipal decision maker caused the violation of the specific federal rights of the plaintiff before the court.

164 F.3d 215, 218-19 (4th Cir. 1999) (internal citations omitted) (emphasis and second ellipsis in original); *see also City of Canton v. Harris*, 489 U.S. 378, 391 (1989) ("[T]he identified deficiency . . . must be closely related to the ultimate injury."). The law is clear that Plaintiff's *Monell* claim suffers from a fatal, fundamental flaw – it does not and cannot plead the elements of *Monell* as it relates to her *specific* constitutional claim. Instead, Plaintiff attempts to plead a pattern and practice of *other* constitutional violations (*i.e.* excessive force findings by the DOJ). This does not show the requisite "affirmative link" between the alleged deficiency and Plaintiff's specific alleged violation. *Carter*, 164 F.3d at 219. There are simply no allegations of similar false arrest and false

imprisonment, which could make *Monell* liability plausible (*assuming arguendo* that Plaintiffs' facts establish such a constitutional violation in the first place).

Plaintiff's claim for supervisory liability against BPD fails for the same reasons their *Monell* claim fails. The allegations Plaintiff cites in opposition are boilerplate and do not contain the necessary factual enhancement to survive a motion to dismiss. *See* ECF No. 35 at 7-8. Plaintiff's attempts to tie her injuries to alleged omissions of BPD strains principles of credulity, causation, and common sense. *Id*. at 7 ("Plaintiff contends that for the very reasons the *Monell* claims survive a Motion at this stage, so does any action with respect to supervisory liability."). The law requires more than conclusory allegations of attenuated, downstream, but-for causation. *See, e.g., Bd. of Cty. Comm'nrs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 405 (explaining that Section 1983 requires "rigorous standards of causation and culpability.").

Most importantly, Plaintiff fails to rebut BPD's highlight of the absence of an actual supervisor named in Plaintiff's Amended Complaint. In other words, Plaintiff's opposition response offers nothing to counter the fact that the Amended Complaint is devoid any factual allegation that names or even remotely suggests a particular government official who "through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Merely citing the reports and finding of the Department of Justice Investigation is not enough to overcome BPD's Motion to Dismiss. *See Jones v. Chapman*, No. ELH-14-2627, 2015 WL 4509871, at *24 (D. Md. July 24, 2015) (stating that supervisory liability cannot be established based on conclusory allegations that a supervisor "should have known about the unconstitutional conduct" or "general averments that a supervisor failed to respond to prior

constitutional violations"). An accused defendant, including a supervisor, must be "personally involved" in the commission of the constitutional tort alleged in the pleadings in order to be liable under § 1983. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Again, courts have been cautioned to be especially vigilant that a plaintiff's theory does not "slip into that forbidden realm" where, as in this case, a plaintiff's theory relies on municipal omission. *Id*. This failure is a fatal deficiency to Plaintiff's supervisory liability claim. Accordingly, Plaintiff's *Monell* and supervisory liability claims must be dismissed.

### III. Plaintiff's Claim for Punitive Damages Against BPD under § 1983 Fails.

Plaintiff argues that the Amended Complaint pleads facts sufficient to satisfy the standard of "reckless or callous indifference to the federally protected rights of others." ECF No. 21 at 8 (quoting *Smith v. Wade,* 461 U.S. 30, 56 (1983). However, "eligibility for punitive awards is characterized in terms of a defendant's motive or intent. Indeed, the justification of exemplary damages lies in the **evil** intent of the defendant. Accordingly, a positive element of conscious wrongdoing is always required." *Kolstad v. Ada*, 527 U.S. 526, 538 (1999) (emphasis added) (citations and internal quotation marks omitted). As briefed more fully in BPD's memorandum in support of its motion, Plaintiff has not alleged and cannot allege *any facts* to show that a BPD custom or policy caused Plaintiff's injury, much less, an **evil** motive *on the part of the BPD* or the intent *on the part of the BPD* to deprive her of due process, or anything to support a claim for punitive damages against the BPD. Accordingly, Plaintiff's claims for punitive damages against the BPD, like the rest of the claims against the BPD, must be dismissed.

## CONCLUSION

For the foregoing reasons, as well as, those stated in BPD's motion and accompanying memorandum of law in support, this Court should dismiss all claims against BPD in their entirety, with prejudice and without leave to amend.

Respectfully submitted,

Andre M. Davis (No. 362)
Baltimore City Solicitor

_____/s/_____
Alexa E. Ackerman (No. 19943)
Natalie R. Amato (No. 20749)
ASSISTANT SOLICITORS

Justin S. Conroy (No. 28480)
Kara K. Lynch (No. 29351)
CHIEF SOLICITORS

Baltimore City Law Department
Office of Legal Affairs
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
Telephone: (410) 396-2495
Facsimile: (410) 396-2126
alexa.ackerman@baltimorecity.gov
natalie.amato@baltimorecity.gov
justin.conroy@baltimorecity.gov
kara.lynch@baltimorepolice.org
*Attorneys for Defendant BPD*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2020, a copy of the foregoing Reply in Support of Motion to Dismiss was filed with the United States District Court for the District of Maryland and forwarded to all counsel of record via CM/ECF.

_____/s/_____
Alexa E. Ackerman (No. 19943)
